IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| MICHAEL THOMAS ROBINSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 321-023 |
| | ) | |
| MEDICAL STAFF, Johnson State Prison; | ) | |
| MS. S. OLIVER, Nurse Practitioner; and | ) | |
| MS. LINDSEY, Nurse Practitioner,[1] | ) | |
| | ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, currently incarcerated at Johnson State Prison ("JSP") in Wrightsville, Georgia, is proceeding *pro se* and *in forma pauperis* ("IFP") in this case filed pursuant to 42 U.S.C. § 1983. Because he is proceeding IFP, Plaintiff's complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984) (*per curiam*); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006) (*per curiam*).

### I.   SCREENING THE COMPLAINT

####   A.   BACKGROUND

Plaintiff names the following as Defendants: (1) Medical Staff, JSP; (2) Ms. S. Oliver, Nurse Practitioner at JSP; and (3) Ms. Lindsey, Nurse Practitioner at JSP.[2] (Doc. no. 1, pp. 1, 3-

---

[1] The Court **DIRECTS** the **CLERK** to update the names and titles of Defendants Oliver and Lindsey in accordance with the caption, which is consistent with the complaint. (Doc. no. 1, pp. 3-4.)

[2] Prior to transferring the case from the Middle District of Georgia, United States District Judge Tilman E. Self, III, dismissed the Georgia Department of Corrections from the case. (See doc. no. 8.)

4.) Taking all of Plaintiff's allegations as true, as the Court must for purposes of the present screening, the facts are as follows.

Plaintiff is a diabetic prescribed insulin. (Id. at 4.) Even though he is supposed to receive insulin three times per day, since his incarceration, he has not always gotten his insulin at the correct time, and there have been days when he only received one dose. (Id.) Plaintiff is also supposed to receive B-12 for his anemia but does not. (Id.) There is another inmate with the same name as Plaintiff whose medical file has been mixed up with Plaintiff's file. (Id.) Plaintiff has repeatedly notified Defendants Oliver and Lindsey, as well as "many nurses," of these problems, but the issues have not been corrected. (Id.) Plaintiff was denied a grievance form when he tried to raise the issues through the JSP administrative process. (Id. at 2.) Inadequate delivery of Plaintiff's prescribed medication threatens his life. (Id. at 4.) Plaintiff seeks immediate relief from incarceration, expungement of his criminal record, and fifty million dollars in damages. (Id. at 5.)

**B.     DISCUSSION**

**1.     Legal Standard for Screening**

The complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief. See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). A claim is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (*per curiam*) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the complaint must "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). In short, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the Court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Haines v. Kerner, 404 U.S. 519, 520 (1972). However, this liberal construction does not mean that the Court has a duty to re-write the complaint. Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

2. **Plaintiff Fails to State a Claim for Relief against Defendant Medical Staff**

Liberally construing Plaintiff's allegations in his favor and granting him the benefit of all reasonable inferences to be derived from the facts alleged, the Court finds Plaintiff has

3

failed to state a viable § 1983 claim against Defendant Medical Staff. Plaintiff does not explain how this collective entity can itself be sued and/or how the medical staff at JSP as a collective entity may be responsible for the actions of the individuals working there. Plaintiff identifies specific actions allegedly performed, or inadequately performed, by Defendants Oliver and Lindsey, and the Court has directed service of process on them in a simultaneously filed order. However, conclusory references to "many nurses" or "staff" in general fails to put any particular individual on notice of alleged wrongdoing. Plaintiff thus fails to state a claim for relief against the entity of Medical Staff. See West v. Atkins, 487 U.S. 42, 48 (1988) (requiring in a § 1983 case an allegation of the violation of a right secured by the Constitution of the United States by a person acting under color of state law); see also Hernandez v. Fla. Dep't of Corr., 281 F. App'x 862, 866-67 (11th Cir. 2008) (*per curiam*) (rejecting claim against prison where the plaintiff failed to allege decision making officials took specific actions amounting to a constitutional violation). Accordingly, Defendant Medical Staff should be dismissed from the case.

### 3. The Request for Release from Confinement and Expungement of Plaintiff's Criminal Record Should Be Dismissed

"Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus, Preiser v. Rodriguez, 411 U.S. 475, 500, 93 S. Ct. 1827, 36 L.Ed.2d 439 (1973); requests for relief turning on circumstances of confinement may be presented in a § 1983 action." Muhammad v. Close, 540 U.S. 749, 750 (2004) (*per curiam*); see also Siskos v. Sec'y, Dep't of Corr., 817 F. App'x 760, 764 (11th Cir. 2020) (*per curiam*) (same). Therefore, relief in the form of immediate release and/or expungement of Plaintiff's criminal record is not available in these proceedings and such claims should be dismissed.

4

## II. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** Defendant Medical Staff, as well as any claims for relief in the form of immediate release and/or expungement of Plaintiff's criminal record, be **DISMISSED** from this case for failure to state a claim.

SO REPORTED and RECOMMENDED this 19th day of March, 2021, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA